UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **McARTHUR WHITE, JR.** | \* | **CIVIL ACTION NO. 10-00595** |
| **VERSUS** | \* | **JUDGE DONALD E. WALTER** |
| **SHERIFF MIKE STONE, ET AL.** | \* | **MAG. JUDGE KAREN L. HAYES** |

### MEMORANDUM RULING

On March 11, 2010, *pro se* plaintiff McArthur White, Jr. (hereinafter "plaintiff") filed a civil suit in the Third Judicial District, Lincoln Parish, against defendants Sheriff Mike Stone, Lincoln Detention Center Officers, LaSalle Management Company, L.L.C. ("LaSalle"), Warden Smith, Warden Thomas, Lincoln Parish Police Jury, Dr. Pam Hearn, and Lt. Randy Williams. At the time, plaintiff was incarcerated at Lincoln Detention Center in Ruston, Louisiana. Plaintiff's civil complaint alleges numerous constitutional violations against defendants. *See* doc. # 1-3.[1]

On April 12, 2010, defendants LaSalle, Warden Thompson, Lt. Randy Williams and Sheriff Mike Stone removed the state suit to federal court. Doc. # 1. As basis for the removal to federal court, defendants alleged the following: that the alleged violations of plaintiff's rights are "guaranteed to him by the Eighth Amendment," doc. # 1, ¶ 3; that "Plaintiff's action is founded

---

[1] Specifically, plaintiff's allegations include the following:

1) Cruel and unusual punishment; 2) Denied medical treatment; 3) Doctor / client confidentiality; 4) Denied access to the courts by the indigent lady; 5) Not allowed access to the law library; 6) Locked down in a cell twenty four hours a day without being out for one (1) hour recreation; 7) Was not allowed a shower for seven days out of hospital; 8) Threaten and harassed by Lt. Bear (mental anguish); 9) Punish for allegedly simple escape by being lock down and no disciplinary write up given to him; 10) Denied access to court through indigent program.
Civil Lawsuit, Doc. # 1-3, pp. 1-2.

on a claim or right arising under the Constitution, treaties or laws of the United States," *id.* at ¶ 4; and that 28 U.S.C. § 1331 provides this court with original jurisdiction because "the allegations of the Civil Lawsuit either establishes that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," *id.* at ¶ 5 (citations omitted). Finally, removing defendants asserted that "[i]t can be plainly seen that the Plaintiff's Civil Lawsuit alleges a controversy arising out of the statutes, laws and the Constitution of the United States." *Id.* at ¶ 7.

On August 6, 2010, defendants LaSalle, Warden Thompson and Lt. Randy Williams filed a motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6). Doc. # 6. On September 29, 2010, defendant Dr. Pam Hearn filed a motion to dismiss for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1), 12(b)(6). Doc. # 13.

However, prior to addressing the above motions, the Court must determine whether defendants properly removed this case and, therefore, whether this Court has subject matter jurisdiction over the case. Without subject matter jurisdiction, "the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation and citation omitted).

"As a general matter, defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997) (quoting 28 U.S.C. § 1441 (a)). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *Id.* "[D]istrict courts have original jurisdiction under the

federal question statute over cases 'arising under the Constitution, laws, or treaties of the United States.'" *Id.* (quoting 28 U.S.C. § 1331). "Under the well-pleaded complaint rule, federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003) (quotation and citation omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In the case *sub judice*, the undersigned disagrees with removing defendants' assertions that plaintiff's claims "plainly" arise under the United States Constitution, statutes, and laws. Removing defendants contend that the nature of plaintiff's civil rights allegations implicate the Eighth Amendment of the United States Constitution. However, plaintiff's complaint just as easily implicates the Louisiana Constitution; specifically, Art. I, § 20, which provides that "[n]o law shall subject any person to euthanasia, to torture or to cruel, excessive, or unusual punishment." The framers of the Louisiana Constitution intended for this guarantee to "go beyond the scope of the Eighth Amendment in some respects and to provide at least the same level of protection as the Bill of Rights and the Fourteenth Amendment in all others." *State v. Perry*, 610 So.2d 746, 750 (La. 1992) (citing *State v. Sepulvado*, 367 So.2d 762 (La. 1979). While it is certainly possible that plaintiff's complaint can be construed "as stating a federal claim,...it is equally possible that [he] is bringing a claim solely under state law." *Lorenz v. Texas Workforce Com'n*, 05-50938, 2006 WL 3102581, at *3 (5th Cir. Oct. 30, 2006) (holding that an ambiguous state court petition did not allege a federal claim).

The Fifth Circuit has held that "[a]ny ambiguities are construed against removal because

the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Property and cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). Therefore, the undersigned finds that plaintiff's complaint fails to allege a federal claim or present some federal question on its face, and that this Court lacks subject matter jurisdiction over the case.

Of course, if, at a later date, plaintiff should make it "unequivocally clear and certain" through "service or otherwise, of a copy of an amended pleading, motion, or order or other paper," that he is stating a claim for relief under federal law, then defendants would be entitled to remove the action again. *See*, *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (discussing removal under second paragraph of 28 U.S.C. § 1446(b)). For now, however, it is apparent that plaintiff does not state a claim under the Constitution, laws, or treaties of the United States, and federal subject matter jurisdiction is lacking. 28 U.S.C. § 1331. Thus, removing defendants have not met their burden; remand is required. 28 U.S.C. § 1447(c).[2]

Accordingly,

This case shall be **REMANDED** to the Third Judicial District Court of Lincoln Parish.

THUS DONE AND SIGNED at Monroe, Louisiana, this 4th day of November, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[2] It is axiomatic that federal courts exercise limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal jurisdiction establishes otherwise. *Id*.